UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | '08 MJ 1798 |
| ) | Magistrate Case No._____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Cesar HERNANDEZ,** ) | Attempted Entry After |
| ) | Deportation |
| Defendant. ) | |
| ) | |

The undersigned complainant being duly sworn states:

On or about **June 8, 2008**, within the Southern District of California, defendant **Cesar HERNANDEZ** an alien, who previously had been excluded, deported and removed from the United States to **Mexico** attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 10th DAY OF JUNE, 2008.

_____
UNITED STATES MAGISTRATE JUDGE



## **PROBABLE CAUSE STATEMENT**

On June 8, 2008 at approximately 1803 hours, **Cesar HERNANDEZ (Defendant),** applied for admission into the United States from Mexico via the pedestrian primary lanes at the San Ysidro, California Port of Entry. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented as his own, a Border Crossing Card bearing the name Isauro Roberto Albarran Martinez Cairo. Defendant stated he was traveling to Chula Vista to shop. The CBP Officer suspected Defendant was an imposter to the document presented and elected to escort Defendant to secondary for further inspection.

In secondary, Defendant was confirmed to be an imposter to the Border Crossing Card. Defendant was queried by ten-digit fingerprint and photograph submission through the Automated Biographic Identification System and the Integrated Automated Fingerprint Identification System (IDENT/IAFIS). IDENT/IAFIS returned a match to the query, verifying Defendant's identity and linking him to Immigration Service and FBI records.

Immigration records checks through the Central Index System (CIS) and the Deportable Alien Control System (DACS) identify Defendant as a citizen of Mexico having been previously removed from the United States. DACS indicates that on or about August 5, 2002, an Immigration Judge ordered Defendant deported/removed from the United States to Mexico. DACS records further indicate Defendant was last physically removed from the United States to Mexico on or about August 22, 2007 through Calexico, California. Immigration records contain no evidence that Defendant has applied for or received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a video recorded interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico without legal documents or other benefits that would permit his legal entry into the United States. Defendant admitted he was deported from the United States to Mexico by an Immigration Judge. Defendant stated he has not applied for a pardon or received permission from the United States Government to re-enter the United States. Defendant stated if successful in entering the United States he was to travel to Los Angeles, California where he was to resume employment and residency.